**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: STAPLES INC. WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION<br><br>N'Gai George, et al.<br><br><br><br>Plaintiffs,<br><br>v.<br><br><br>STAPLES INC.,<br><br>Defendant. | Civ. Action No. 08-5746 (KSH)<br>Civ. Action No. 09-1889 (KSH)<br>Civ. Action No. 09-1890 (KSH)<br>Civ. Action No. 09-1891 (KSH)<br>Civ. Action No. 00-1919 (KSH)<br>Civ. Action No. 09-1970 (KSH)<br>Civ. Action No. 09-1157 (KSH)<br>Civ. Action No. 09-2482 (KSH)<br>Civ. Action No. 09-3983 (KSH)<br>Civ. Action No. 09-4156 (KSH)<br>Civ. Action No. 10-1278 (KSH)<br><br><br><br>**ORDER** |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

This matter came before the Court to enter an order of final approval of the proposed class and collective class action settlement set forth in the Settlement Agreement (the "Settlement") and plaintiffs' counsel's motion for an award of attorneys' fees and litigation expenses;

and the Court having adopted the Report and Recommendation of Judge Shwartz, issued on September 17, 2010, approving the Final Settlement (D.E. 131);

and the Court having awarded attorneys' fees and costs for the reasons set forth in its November 4th, 2011 opinion;

and for good cause shown,

IT IS on this 4th day of November, 2011,

1

**ORDERED** that

1.     The Settlement Class Counsel's application for attorneys' fees and expenses is granted in the amount of $11.5 million for fees (D.E. 124) and $327,552 for expenses (D.E.132), and the Settlement Administrator is ordered upon Final Approval to pay such amounts in accord with the terms of the Settlement Agreement.

2.     The fees and expenses awarded pursuant to this Order shall, constitute satisfaction of the entire amount of the attorneys' fees and costs awarded by the Court in *Stillman* (*Stillman et al. v. Staples*, 07-CV-849-PS (D.N.J.), D.E. 740) pursuant to Fed. R. Civ. P. 69(a)(1); N.J. Ct. R. 4:48-1, and the parties will file a joint stipulation to that effect.

3.     Within Ten (10) business days after the Final Approval Order as defined in the Settlement Agreement, Staples shall deposit the portion of the Total Settlement Amount remaining to be funded after payments have been made to *Stillman* Plaintiffs into the Qualified Settlement Fund maintained by the Claims Administrator, as provided in Section 11(b) of the Settlement Agreement, less the reverter accrued to date as calculated by the Claims Administrator. Under no circumstances shall this Order obligate Staples to pay more than the Gross Settlement Amount, as that term is defined in the Settlement Agreement.

4.     Within Twenty-One (21) days of the Effective Date, the Settlement Administrator shall effectuate distribution of the settlement funds to the Participating Settlement Class members by mailing checks via first class mail to each Participating Settlement Class member who has timely returned a Valid Claim Form.  Each check shall be in the amount of the respective Participating Class Member's claim share, which shall be calculated in accordance with the terms set out in the Settlement Agreement, §12(l).

5.     Within Ten (10) days of the Effective Date the Settlement Administrator shall

also mail via first class mail the Incentive Awards to each Class Representative in the amounts set out above.

6.     Within One Hundred Twenty (120) days of the Effective Date the Settlement Administrator shall distribute to Staples any Distribution Amounts that have not been claimed by Settlement Class members or otherwise remaining after the provisions of Sections 6(b) and 12(l)(iii) of the Settlement Agreement are met.

7.     Upon the Effective Date, the Class Representatives and every State Settlement Class Member who did not properly and timely submit a valid opt-out form shall be bound by the release and waiver as defined in Section 13(a) of the Settlement Agreement described in the notice and Claim Form, and the Final Approval Order will have the force and effect of *res judicata* as to them.

8.     Upon the Effective Date, the Class Representatives and every Participating Settlement Class member shall be bound by the release and waiver of the released federal law claims as defined in Section 13(b) of the Settlement Agreement described in the notice and Claim Form, and the Final Approval Order will have the force and effect of *res judicata* as to him or her.

9.     The Settlement is not an admission by Staples nor is the Final Approval Order a finding of the validity of any claims in the litigation or any wrongdoing by Staples.  In addition, the Settlement is not an admission nor is the Final Approval Order a finding that the certification of the Settlement Classes is proper for any purpose or proceeding other than for purposes of the Settlement.  Furthermore, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounting of those matters, will be:  (i) construed as, offered or admitted in evidence as, received as, or

deemed to be evidence for any purpose adverse to Staples, including, but not limited to, evidence of a presumption, concession, indication or admission by Staples of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Staples, in any further proceeding in the litigation, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement. However, the Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement or in defense of any claims released or barred by the Settlement.

10.     The claims alleged in the complaints filed in the litigation are hereby dismissed with prejudice, provided, however, and without affecting the finality of the Final Approval Order and this Order in any way, this Court retains continuing jurisdiction over the interpretation, implementation, administration and enforcement of the terms of the Settlement.  The Parties shall effectuate the dismissal of the individual actions in the litigation in accordance with Section 15 of the Settlement Agreement.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.